BAILEY *vs.* KIMBAL and others.

If two or more debtors be committed to gaol on execution, and give a gaol bond for the liberties of the prison, and the creditor discharge one of them from prison, whether before or after the other debtors have escaped from prison, it is a discharge of the debt as against all.

THIS was an action of debt on a gaol bond assigned to the plaintiff by the Sheriff of Franklin County; given for the admission of Stephen Kimbal and Jesse Kimbal to the liberties of the prison in St. Albans. The plaintiff declares, that on the 14th day of January, 1811, before Jacob Smith, Justice of the Peace, he, the plaintiff, recovered judgment against Jesse Kimbal and Stephen Kimbal for the sum of £47 3s. 3d. damages, & for the sum of £2 4s. 7d. costs. That on the same day he took out an execution on that judgment, and ·caused the said Jesse and Stephen to be thereon committed to the common gaol in St. Albans. That for the admission of the said Jesse and Stephen to the liberties of the said prison, the defendants executed the bond to the Sheriff, conditioned in common form.—That afterwards, on the 20th day of February, 1811, Jesse Kimbal escaped from the liberties thereof without having paid said debt, &c.—Whereby the said Sheriff became liable, &c.—And afterwards, on the 14th day of September, 1811, the Sheriff assigned the bond to the plaintiff, concluding in the common form. To this there was a plea in bar by the defendants. Admitting the judgment, execution, commitment, execution and assignment of the bond, they say that, after the making of the said writing obligatory, and while the said Stephen Kimbal was within the liberties of said prison, on the execution aforesaid, without having committed any escape therefrom, to wit, on the 22d day of February, 1811, the said Nathan Bailey did discharge the said Stephen Kimbal from his said imprisonment; and directed the Sheriff and keeper of said prison to discharge and set at liberty the said Stephen from his said imprisonment. By reason whereof, and for no other

*Franklin,*
December,
1813.

Bailey
*vs.*
Kimbal
et al.

cause, the said Stephen did depart from the said prison and the liberties thereof. To which plea there was a demurrer and join-der.

*Van Ness,* in support of the demurrer. It stands admitted by the plea, that Jesse Kimbal committed an escape an the 20th day of February, 1811, and that Stephen Kimbal was not discharged by the plaintiff until the 22d day of the same February. By the escape of Jesse Kimbal, the bond became forfeited as to all the signers, and therefore it became immaterial whether Stephen continued within the liberties, committed an escape, or was permitted by the plaintiff to go at large.

*Turner* and *Marvin,* for the defendants. It is not conceded that Jesse Kimbal escaped before the discharge of Stephen. The time of the escape alledged in the declaration is immaterial. The allega-tion in the declaration relative to the escape, would have been sup-ported by proof of the escape on any day between the execution and assignment of the bond. No issue could have been taken on the day of the escape. Be that as it may, the discharge of Stephen Kimbal, is a discharge of all the signers of the bond—it is a dis-charge of the debt. To maintain this action, there must appear a subsisting debt. But it appears that Stephen Kimbal has been dis-charged from the debt; and in this case, a discharge of one is a dis-charge of all.

HUBBARD, J. delivered the opinion of the Court.

The questions are—1. Whether the defendant's plea discloses sufficient matter to bar the action?—2. Whether it is sufficiently set forth? Stephen Kimbal, one of the debtors, (the debt being against Stephen and Jesse Kimbal) was on the 22d day of Februa-ry, 1811, by the creditor discharged from his imprisonment on that debt. A discharge of a debtor from imprisonment by the creditor is virtually a discharge of the debt itself. It is said in the case of Jacques against Withy—1 Ter. R. 557—that there is but one case where a debtor in execution, who obtains his liberty, can afterwards be taken again for the same debt; and that is where he has been guilty of an escape.—The reason why he may be retaken in that case is, because he is not legally out of custody. But where a debtor in prison is discharged from his imprisonment by the creditor, he can-

not be retaken; it is a discharge of the debt itself.—Vigers against Aldrich, 4 Bur. 2482. It is therefore immaterial to determine whether the escape of Jesse Kimbal happened before or after the discharge of Stephen. The discharge of Stephen from his imprisonment, being a discharge of the debt, must be good for him, and being so, it must be a discharge of all the defendants.

In order to maintain an action on a gaol bond like the present, it must appear that there was a subsisting debt at the time the action was brought. In this case the debt having been discharged, there must be judgment for the defendants.

NOTE.—See Whitacres *v.* Hampkinson, Croke Charles 75—where it is said that if there be a judgment against one of two joint obligors, and that one be taken in execution and suffered to go at large by permission of the plaintiff, and the other be afterwards sued on the same obligation, such discharge of the first is a good plea in bar for the latter.